# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CORY TOMNEY,<br><br>   Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration<br><br>   Defendant. | Case No. 1:08-cv-0052<br><br>**ORDER AND MEMORANDUM DECISION GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS FEES UNDER THE EAJA**<br><br>Magistrate Judge Brooke C. Wells |

  Before the court is plaintiff's motion for attorney fees,[1] filed on December 30, 2009, under the Equal Access to Justice Act (EAJA).[2] Specifically, plaintiff seeks an award of attorney fees and costs in the amount of $9,471.38. Under the EAJA an award of attorneys fees is appropriate "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[3] In this case, the Commissioner contests plaintiff's motion on three grounds arguing: (1) the motion was untimely; (2) special circumstances make an award unjust; and (3) the number of hours expended was unreasonable.

  (1) <u>Timeliness</u>

  Pursuant to 28 USC § 2412(d)(1)(B), plaintiff's motion for EAJA fees is timely if it is filed within thirty (30) days of the date of a "final judgment" in the action. "Final judgment" is defined as a judgment that is final and not appealable.[4] Here, the Commissioner claims that the

---

[1] Docket no. 30.
[2] See 28 U.S.C. § 2412(d)(1)(B)
[3] *Id.*
[4] <u>Melkonyan v Sullivan</u>, 501 U.S. 89, 102 (1991).

last day for plaintiff to appeal was November 29, 2009, and therefore he was required to file his motion for fees by December 29, 2009. Consequently, the Commissioner contends that plaintiff's December 30, 2009, motion was untimely and should be dismissed.[5] The Court, however, disagrees.

As noted in plaintiff's brief, the actual deadline to file an appeal was November 30, 2009, since under the 2009 calendar year November 29th fell on a Sunday. Pursuant to Federal Rules of Appellate Procedure 26,[6] plaintiff, in fact, had until the next day Monday, November 30, 2009, to file an appeal. Accordingly, the Court finds plaintiff's December 30, 2009, motion for EAJA fees to be timely.

    (2) Special Circumstances

The Commissioner asserts that "special circumstances" exist such that an award of attorney fees would be unjust. In support of his argument, the Commissioner claims that "all litigation would have been unnecessary if plaintiff's counsel had simply informed the Commissioner and the Court of plaintiff's subsequent allowance of benefits in a timely fashion."[7] The Court is unpersuaded. As stated by plaintiff, there is no guarantee of a remand whenever a claimant, such as here, is approved on a later application, and there is no regulation

---

[5] This Court signed an Order granting plaintiff's Motion To Remand to Commissioner of the Social Security Administration on September 30, 2009.

[6] Rule 26(a) (3)(A) states: "[u]nless the court orders otherwise, if the clerk's office is inaccessible on the last day for filing under Rule 26(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday or legal holiday."

[7] Defendant's Response, at pg. 5.

2

that requires a remand on a federal court appeal any time a claimant is approved on a subsequent application covering a later time period.

The Commissioner fails to demonstrate any misconduct on the part of plaintiff's attorneys or any "special circumstances" as to render an award of attorney fees unjust.

(3) <u>Unreasonable Hours Spent</u>

While the Commissioner argues that plaintiff's attorneys spent an unreasonable number of hours on this case, the Court finds such position to be untenable.[8] The court's review of the attorney's affidavit reveals the amount requested to be reasonable.

Accordingly, Plaintiff's motion for attorneys fees is hereby GRANTED.

DATED this 4th day of February, 2010.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Brooke C. Wells
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[8] Plaintiff's attorney calculated he spent a total of 52.5 hours of attorney time and 4.8 hours of paralegal time pursing Mr. Tomney's case. *See*, <u>Affidavit of Bradley N. Roylance</u>, ¶ 1.

3